IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

FILED

2014 JUN 20 P 3: 06

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| THE GRAY INSURANCE COMPANY<br>3601 N. I-10 Service Road West<br>Metairie, LA 70006<br><br>          **Plaintiff**<br>v.<br><br>VISTA CONTRACTING, INC.<br>6412 Brandon Ave., Suite 232<br>Springfield, VA 22150<br><br>    Serve: Moises Reyes<br>          President<br>          3801 Estel Road<br>          Fairfax, VA 22031<br><br>and<br><br>RIGHTWAY DEVELOPMENT, INC.<br>6820 Commercial Drive, Suite D<br>Springfield, VA 22151<br><br>    Serve: Anton Dvorishin<br>          Registered Agent/President<br>          6860 Commercial Drive, Suite D<br>          Springfield, VA 22151<br><br>and<br><br>TEAM REYES, INC.<br>3801 Estel Road<br>Fairfax, VA 22031<br><br>    Serve: Moises Reyes<br>          Registered Agent/President<br>          6860 Commercial Drive, Suite D<br>          Springfield, VA 22151<br><br>and | Civil Action No. 1; 14-CV-766<br>(AJT/JFA) |

| | |
|---|---|
| SELECT PRESS, INC.<br>6860 Commercial Drive, Suite D<br>Springfield, VA 22151<br><br>    Serve: Anton Dvorishin<br>        Registered Agent/President<br>        6860 Commercial Drive, Suite D<br>        Springfield, VA 22151<br><br>and<br><br>AMERICAN EXCHANGE<br>ORGANIZATION, INC.<br>6860 Commercial Drive, Suite D<br>Springfield, VA 22151<br><br>    Serve: Anton Dvorishin<br>        Registered Agent/President<br>        6860 Commercial Drive, Suite D<br>        Springfield, VA 22151<br><br>and<br><br>KINGSTON INVESTMENTS, L.L.C.<br>6860 Commercial Drive, Suite D<br>Springfield, VA 22151<br><br>    Serve: Anton Dvorishin<br>        Managing Member<br>        6860 Commercial Drive, Suite D<br>        Springfield, VA 22151<br><br>and<br><br>STJEPAN SOSTARIC<br>3709 S. George Mason Drive, 1301E<br>Falls Church, VA 22041<br><br>and<br><br>MOISES REYES<br>3801 Estel Road<br>Fairfax, VA 22031<br><br>and | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| **KIM REYES**<br>**3801 Estel Road**<br>**Fairfax, VA 22031**<br><br>and<br><br>**ANTON DVORISHIN**<br>**6860 Commercial Drive, Suite D**<br>**Springfield, VA 22151**<br><br>_____**Defendants.**_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW Plaintiff The Gray Insurance Company ("Gray"), by counsel, and hereby states the following as its complaint against Defendants Vista Contracting, Inc., Rightway Development, Inc., Team Reyes, Inc., Select Press, Inc., American Exchange Organization, Inc., Kingston Investments, L.L.C., Stjepan Sostaric, Moises Reyes, Kim Reyes, and Anton Dvorishin (collectively, the "Defendants" or "Indemnitors"):

## PARTIES AND JURISDICTION

1. Plaintiff Gray is a Louisiana corporation with its principal place of business in Metairie, Louisiana. Gray is a wholly owned division of Gray & Company, the parent company of Gray and The Gray Casualty & Surety Company. Gray is duly authorized to transact business in the Commonwealth of Virginia.

2. Upon information and belief, Defendant Vista Contracting, Inc. ("Vista Contracting") is a District of Columbia corporation with its principal place of business in Virginia. Upon additional information and belief, Vista Contracting is in the business of general construction contracting for private and public entities.

3. Upon information and belief, Defendant Rightway Development, Inc. ("Rightway Development") is a Virginia corporation with its principal place of business in Virginia.

3

4. Upon information and belief, Defendant Team Reyes, Inc. ("Team Reyes") is a Virginia corporation with its principal place of business in Virginia.

5. Upon information and belief, Defendant Select Press, Inc. ("Select Press") is a Virginia corporation with its principal place of business in Virginia.

6. Upon information and belief, Defendant American Exchange Organization, Inc. ("American Exchange") is a Virginia corporation with its principal place of business in Virginia.

7. Upon information and belief, Defendant Kingston Investments, L.L.C. ("Kingston Investments") is a Virginia limited liability company with its principal place of business in Virginia.

8. Upon information and belief, Defendant Stjepan Sostaric is a citizen of the Commonwealth of Virginia.

9. Upon information and belief, Defendant Moises Reyes is a citizen of the Commonwealth of Virginia.

10. Upon information and belief, Defendant Kim Reyes is a citizen of the Commonwealth of Virginia.

11. Upon information and belief, Defendant Anton Dvorishin is a citizen of the Commonwealth of Virginia.

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because of the diversity of citizenship of the parties hereto and because the amount in controversy exceeds $75,000.00.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or omissions giving rise to the claims asserted herein occurred in the Eastern District of Virginia.

## FACTUAL ALLEGATIONS

14.     In 2012, the Defendant Vista Contracting determined to bid on a number of public construction projects in the Commonwealth of Virginia, the District of Columbia, and the State of Maryland, each of which required the posting of performance and payment bonds as part of the contract execution with various public agencies and project owners.

15.     To satisfy the bonding requirements for those contracts, Defendant Vista Contracting requested that Gray issue performance and payment bonds on its behalf for several projects.

16.     In order to induce Gray to issue the performance and payment bonds required by Vista Contracting, the Defendants executed and delivered to Gray a General Indemnity Agreement (the "GIA") dated November 13, 2012, binding themselves to be jointly and severally liable to Gray in the event of any loss on any bonds issued by Gray, as surety, for Vista Contracting, as principal.   A true and correct copy of the GIA is attached as Exhibit 1 and incorporated herein by reference.

17.     Under the terms of GIA, the Indemnitors, individually and jointly and severally, specifically agreed to:

> Exonerate, indemnify, hold harmless and keep [Gray] indemnified from and against any and all Loss, liability, damages and expenses of whatsoever kind or nature (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees) sounding in contract, tort or otherwise, which [Gray] may sustain and incur: (a) by reason of having executed, delivered or procured the execution of Bonds, or the renewal or continuation thereof, on behalf of any of the Indemnitors; (b) by reason of the failure of the Indemnitors to perform or comply with any of the covenants and conditions of this Agreement, or the failure of the Indemnitors to discharge any obligations under this Agreement; (c) in enforcing any of the terms, covenants or conditions of this Agreement; or (d) in pursuing reimbursement for any Loss incurred hereunder.

> Payment by reason of the aforesaid causes shall be made to [Gray] by the Indemnitors upon demand by [Gray], as soon as liability exists or is asserted against [Gray], whether or not [Gray] shall have made any payment therefore.

*See* Exhibit 1 (GIA), at paragraph 2.

18. Moreover, under the terms of the GIA, the Indemnitors specifically agreed that "[Gray] shall have the right to use the payment, or any part thereof, in payment or settlement of any claim, Loss, expense or liability asserted for which the Indemnitors would be obligated to indemnify [Gray] under the terms of this Agreement." *See id.*

19. Under the GIA, the Indemnitors also agreed to:

> Assign, transfer and set over, and do hereby assign, transfer and set over to [Gray], as collateral …
>
> a. All the rights of the Indemnitors in, and growing in any manner out of, the Bonds or any Contracts referred to in the Bonds.
>
> ***
>
> e. Any and all percentages retained and any and all sums that may be due or hereafter become due on account of any and all Contracts in which the Indemnitors have an interest.

*See* Exhibit 1 (GIA) at paragraph 3.

20. Further, under the GIA, the Indemnitors agreed that:

> On demand by [Gray], the Indemnitors will pay [Gray] an amount [Gray] deems necessary to protect itself from all Loss or expenses as soon as [Gray] determines that liability exists or has reasonable basis to believe that it may incur liability, whether or not [Gray] has made any payment or created any reserve.
>
> ***
>
> The Indemnitors acknowledge and agree that the Indemnitors' failure to deposit with [Gray], immediately upon demand, the sum demanded by [Gray] as collateral security shall cause irreparable harm to [Gray] for which [Gray] has no adequate remedy at law. Therefore, the Indemnitors agree that [Gray] shall be entitled to injunctive relief for specific performance of said obligation of the Indemnitors and hereby waive any claims or defenses to the contrary.

6

*See* Exhibit 1 (GIA) at paragraph 5.

21. In reliance on the GIA, and at the request of Vista Contracting, Gray, as surety, issued payment and performance bonds for Vista Contracting, as principal, on four separate projects (collectively referred to as the "Bonds"), including :

    a. International Arrivals Building (IAB) HVAC Systems Renovation, IAD at Dulles, Virginia, Bond No. GSM29422 in the penal sum of $3,232,500.00 naming Metropolitan Washington Airports Authority ("MWAA") as obligee (a true and correct copy of Bond GSM29422 is attached as Exhibit 2 and incorporated herein by reference); and

    b. DCA Terminal A Improvements (Near Term) Task Order: 03 Lobby Improvements – Pkg 4 – Curbside Check-In Project DT1203, Bond No. GSM29424 in the penal sum of $1,170,000.00 naming MWAA as obligee (a true and correct copy of Bond GSM29424 is attached as Exhibit 3 and incorporated herein by reference); and

    c. West Parcel Maintenance Facility – Salt Storage Shelter, in the penal sum of $409,500.00, naming the Virginia Department of Transportation as obligee (a true and correct copy of which is attached as Exhibit 4 and incorporated herein by reference); and

    d. WO 2013-02, Matthew Henson Trail Connector to Layhill Village Local Park Parking Lot at Wheaton, Maryland, Bond No. GSM30654 in the penal sum of $197,819.31 naming The Maryland National Capital Park & Planning Commission as obligee (a true and correct copy of Bond GSM30654 is attached as Exhibit 5 and incorporated herein by reference).

22. Gray defaulted on its obligations under the contracts covered by the Bonds, including, without limitation, failing to pay its subcontractors and suppliers. Gray has received payment bond claims from subcontractors and suppliers claiming non-payment for labor and/or materials supplied to Vista Contracting on the bonded projects ("Payment Bond Claims"). The Payment Bond Claims filed by Vista Contracting's subcontractors and suppliers aggregate in excess of $1,000,000.00.

23. To date, Gray has paid claims and incurred costs in an amount exceeding $591,977.00 to resolve and respond to the Payment Bond Claims and is currently evaluating for purposes of adjustment and payment additional Payment Bond Claims in excess of $342,601.00.

24. In addition to the claims already paid and payment bond claims pending described in the above paragraph, Gray has been sued in state court by one of Vista Contracting's subcontractors, Paige Industrial Services, Inc., seeking recovery of $104,100.59 for labor and materials supplied to the DCA Terminal A Improvements contract.

25. In response to the Payment Bond Claims, the lawsuit filed by Vista Contracting's subcontractor, Paige Industrial Services, Inc., and the potential claims of Vista Contracting's other subcontractors and suppliers, Gray was required to retain attorneys to represent it, respond to the lawsuit, conduct investigations where appropriate, and otherwise respond to the claims. To date, Gray has incurred legal fees and costs associated with Vista Contracting's default in an amount exceeding $20,600.00 and anticipates incurring additional legal fees and expenses to respond to the remaining Payment Bond Claims and pursuit of this action.

26. Pursuant to the terms of the GIA, on March 6, 2014, Gray made written demand upon the Indemnitors to immediately indemnify and reimburse Gray for the losses incurred by

8

Gray arising out of issuing the Bonds for Vista Contracting, and Gray has made written demand upon the Indemnitors to immediately post collateral with Gray in the amount of $1,000,000.00.

27. To date, and despite demand, the Defendants have failed to indemnify, reimburse, or post the collateral with Gray for the losses incurred by Gray arising out of having issued the Bonds for Vista Contracting.

28. All conditions precedent to filing suit have been satisfied and/or waived.

## COUNT I – BREACH OF CONTRACT

29. Paragraphs 1 through 28 above are incorporated by reference as if fully set forth .

30. Under the express terms of the GIA, the Indemnitors are jointly and severally liable to Gray for any and all claims, liabilities, losses and expenses incurred by Gray arising from providing the Bonds for Vista Contracting.

31. Gray has suffered losses and incurred expenses arising from providing the Bonds for Vista Contracting.

32. Gray gave notice that it was incurring losses and expenses and demanded that the Indemnitors indemnify and make Gray whole for any and all losses and expenses incurred.

33. The Indemnitors have failed to honor their obligations arising under the express terms of the GIA.

34. The Indemnitors' failure to indemnify Gray constitutes a material breach of their indemnity obligations under the GIA.

35. Gray is entitled to contractual indemnification, jointly and severally, from the Indemnitors for all losses, costs, damages, attorneys' fees and expenses incurred by Gray arising out of the failure to make payment to Vista Contracting's subcontractors and suppliers providing labor and materials to Vista Contracting's bonded projects, including the recovery of attorneys'

fees and costs both those incurred in response to the Payment Bond Claims and those incurred in pursuing this action.

WHEREFORE, Gray respectfully prays that this Court enter judgment in its favor, jointly and severally, against Defendants Vista Contracting, Inc., Rightway Development, Inc., Team Reyes, Inc., Select Press, Inc., American Exchange Organization, Inc., Kingston Investments, L.L.C., Stjepan Sostaric, Moises Reyes, Kim Reyes, and Anton Dvorishin, in the amount to be proved at trial, but expected to exceed $1,070,241.00, together with interest, costs, and attorneys' fees and expenses incurred by Gray, and any further relief this Court deems just and proper.

## COUNT II – EXONERATION

36. Paragraphs 1 through 28 above are incorporated by reference as if fully set forth.

37. Pursuant to the terms of the GIA, Defendants agreed to exonerate Gray from and against any and all liability by reason of Gray having issued the Bonds on behalf of Vista Contracting.

38. As a result of the issuance of the Bonds for Vista Contracting, Gray has incurred, continues to incur, and will incur, substantial losses and other damages arising from investigating, paying, and defending claims against Gray's Bonds by Vista Contracting's subcontractors and suppliers.

39. Defendants are required to exonerate Gray for the losses and other damages Gray has incurred, continues to incur, and will incur, as a result of providing the Bonds for Vista Contracting.

WHEREFORE, Gray respectfully prays that this Court enter judgment in its favor, jointly and severally, against Defendants Vista Contracting, Inc., Rightway Development, Inc., Team Reyes, Inc., Select Press, Inc., American Exchange Organization, Inc., Kingston Investments,

L.L.C., Stjepan Sostaric, Moises Reyes, Kim Reyes, and Anton Dvorishin, in the amount to be proved at trial, but expected to exceed $1,070,241.00, together with interest, costs, and attorneys' fees and expenses incurred by Gray in this litigation, and any further relief this Court deems just and proper.

## COUNT III – SPECIFIC PERFORMANCE OF COLLATERAL DEMAND

40. Paragraphs 1 through 28 above are incorporated by reference as if fully set forth.

41. The Indemnitors are in breach of the GIA, and Gray has demanded that the Indemnitors immediately post collateral in the amount of $1,000,000.00 as a result of the claims made against the Bonds issued by Gray on behalf of Vista Contracting.

42. Despite demand, the Indemnitors have failed and refused to post the required collateral.

43. Upon information and belief, Vista Contracting has utilized the proceeds of its bonded projects to pay debts and expenses unrelated to those bonded projects and, will continue to divert funds on deposit and funds anticipated to be received in the future by Vista Contracting for purposes other than paying the just debts of Vista Contracting, including the debt owed to Gray.

44. Under the express terms of the GIA, paragraph 5, the Indemnitors agreed to "pay [Gray] an amount [Gray] deems necessary to protect itself from all Loss or expenses as soon as [Gray] determines that liability exists or has reasonable basis to believe that it may incur liability" and that "[Gray] shall be entitled to injunctive relief or specific performance of said obligation of the Indemnitors."

45. Gray made demand on March 6, 2014 that Indemnitors post collateral with Gary in the amount of $1,000,000 representing Gray's estimate of it potential losses and expenses

11

including attorneys' fees and costs associated with issuing the Bonds but, despite demand, Indemnitors have failed or refused to post any collateral.

WHEREFORE, Gray respectfully prays that the Court enter an Order granting specific performance and requiring that Defendants Vista Contracting, Inc., Rightway Development, Inc., Team Reyes, Inc., Select Press, Inc., American Exchange Organization, Inc., Kingston Investments, L.L.C., Stjepan Sostaric, Moises Reyes, Kim Reyes, and Anton Dvorishin immediately post collateral with Gray in the amount of Gray's projected losses or a minimum of $1,000,000.00, and any further relief this Court deems just and proper.

## COUNT IV – DECLARATORY JUDGMENT

46. Paragraphs 1 through 28 above are incorporated by reference as if fully set forth.

47. There is an actual case or controversy between Gray and the Defendants over the Defendants' obligations to indemnify Gray as required by the terms of the GIA.

48. Gray continues to accrue losses and damages in the form of bond claims, administrative costs, legal fees associated with defending suits against the Bonds, and legal fees and costs in pursuing indemnity, all of which are recoverable under the terms of the GIA.

WHEREFORE, Gray respectfully prays that pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, this Court enter a judgment declaring that Defendants Vista Contracting, Inc., Rightway Development, Inc., Team Reyes, Inc., Select Press, Inc., American Exchange Organization, Inc., Kingston Investments, L.L.C., Stjepan Sostaric, Moises Reyes, Kim Reyes, and Anton Dvorishin are jointly and severally obligated to indemnify Gray for all future losses, liability, costs and expenses, including administrative costs and attorneys' fees, sustained by reason of the execution by Gray of payment bonds for Vista Contracting, Inc.

## COUNT V – QUIA TIMET

49. Paragraphs 1 through 28 above are incorporated by reference as if fully set forth.

50. Pursuant to the terms of the GIA, the Defendants agreed to indemnify and hold Gray harmless from and against any and all liability, claims, and demands as a result of Gray having issued the Bonds for Vista Contracting.

51. Payment of funds to Gray equal to a reserve in the amount of $1,000,000.00 will serve to keep Gray indemnified for future payments, losses, costs, expenses, and attorneys' fees that Gray will incur as a result of having provided the Bonds for Vista Contracting.

52. Quia timet is necessary to prevent the misuse and/or dissipation of any funds and assets held by the Defendants.

53. There is no adequate remedy at law, and Gray will be irreparably harmed if the Defendants do not provide payment of funds to Gray in an amount equal to $1,000,000.00.

54. Pursuant to its equitable rights as a surety, Gray is entitled to have the Defendants maintain the status quo by not misusing and/or dissipating their funds or assets.

WHEREFORE, Gray respectfully prays that this Court enter judgment in its favor and against the Defendants, and order that the Defendants immediately pay to Gray a reserve in the amount of $1,000,000.00, and any further relief this Court deems just and proper.

**DATED:**  June 20, 2014                    Respectfully submitted,

                                          **THE GRAY INSURANCE COMPANY**

                                          By Counsel

                                          Shannon J. Briglia, Esq.
                                          Virginia Bar No. 27854
                                          Shoshana E. Rothman, Esq.
                                          Virginia Bar No. 73377
                                          Attorneys for The Gray Insurance Company
                                          BRIGLIAMCLAUGHLIN, PLLC
                                          1950 Old Gallows Road, Suite 750
                                          Vienna, Virginia 22102
                                          Telephone: (703) 506-1990
                                          Facsimile:  (703) 506-1140
                                          sbriglia@briglialaw.com
                                          srothman@briglialaw.com